1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KARRIE ANN FRAZIER,                    No. 2:13-CV-0756-GEB-CMK

12              Plaintiff,

13        vs.                                 FINDINGS AND RECOMMENDATION

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                Defendant.
16    _____/

17            Plaintiff, who is proceeding with retained counsel, brings this action for judicial

18    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

19    Pending before the court are plaintiff's motion for summary judgment (Doc. 16) and defendant's

20    cross-motion for summary judgment (Doc. 19).

21                              **I.  PROCEDURAL HISTORY**

22            Plaintiff applied for social security benefits on November 4, 2009, with a

23    protective filing date of October 29, 2009, alleging an onset of disability on April 1, 2008, due to

24    disabilities including migraine headaches, anxiety, depression, and bi-polar disorder (Certified

25    administrative record ("CAR") 65-68, 123-29, 140-47).  Plaintiff's claim was denied initially and

26    upon reconsideration.  Plaintiff requested an administrative hearing, which was held on August 2,

2011, before Administrative Law Judge ("ALJ") Mark C. Ramsey.  In a November 18, 2011, decision, the ALJ concluded that plaintiff is not disabled[1] based on the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.
>
> 2. The claimant has not engaged in substantial gainful activity since April 1, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).
>
> 3. The claimant has the following severe impairments: borderline intellectual functioning, anxiety, depression and bipolar. (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1

---

[1]    Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income.  42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

(20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: simple, unskilled work without frequent contact with the public or coworkers.

6.   The claimant is capable of performing past relevant work as a housekeeper.  This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7.   The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2008, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

After the Appeals Council declined review on January 9, 2013, this appeal followed.

## II.  STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole.  See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  "Substantial evidence" is more than a mere scintilla, but less than a preponderance.  See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996).  It is "such evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 402 (1971).  The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v.

3

1  Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal

2  standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th

3  Cir. 1988).

4                              **III.  DISCUSSION**

5           Plaintiff argues the ALJ erred in several ways:  (1) the ALJ failed to properly

6  evaluate the severity of her migraine headaches; (2) the ALJ's finding regarding the listing of

7  impairments lacks substantial evidence; (3) the ALJ improperly rejected her treating and

8  examining physicians' opinions; (4) the ALJ improperly discredited plaintiff's testimony as well

9  as her lay witness; (5) the ALJ's RFC assessment lacked substantial evidence; (6) the ALJ's

10  determination of plaintiff's past relevant work was erroneous; and (7) the ALJ failed to obtain a

11  vocational expert .

12          **A.      Severity of Conditions**

13          In order to be entitled to benefits, the plaintiff must have an impairment severe

14  enough to significantly limit the physical or mental ability to do basic work activities.  See 20

15  C.F.R. §§ 404.1520(c), 416.920(c).[2]  In determining whether a claimant's alleged impairment is

16  sufficiently severe to limit the ability to work, the Commissioner must consider the combined

17  effect of all impairments on the ability to function, without regard to whether each impairment

18  alone would be sufficiently severe.  See Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir.

19  1996); see also 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523 and 416.923.  An impairment,

20  or combination of impairments, can only be found to be non-severe if the evidence establishes

21  only a slight abnormality that has no more than a minimal effect on an individual's ability to

22  work.  See Social Security Ruling ("SSR") 85-28; see also Yuckert v. Bowen, 841 F.2d 303, 306

23

24          [2]     Basic work activities include: (1) walking, standing, sitting, lifting, pushing,
    pulling, reaching, carrying, or handling; (2) seeing, hearing, and speaking; (3) understanding,
25  carrying out, and remembering simple instructions; (4) use of judgment; (5) responding
    appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes
26  in a routine work setting.  See 20 C.F.R. §§ 404.1521, 416.921.

1 (9th Cir. 1988) (adopting SSR 85-28).  "Step two, then, is 'a de minimis screening device [used]

2 to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe

3 impairment or combination of impairments only when his conclusion is 'clearly established by

4 medical evidence.'"  Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen v.

5 Chater, 80 F.3d 1273, 1290 (9th Cir. 1996);  S.S.R. 85–28).  The plaintiff has the burden of

6 establishing the severity of the impairment by providing medical evidence consisting of signs,

7 symptoms, and laboratory findings.  See 20 C.F.R. §§ 404.1508, 416.908. The plaintiff's own

8 statement of symptoms alone is insufficient.  See id.

9           Here, the ALJ found plaintiff's migraine headaches were not a severe impairment.

10 He specifically found:

11           Although review of the entire record shows intermittent treatment
            from headaches, most treatment has been for depression and
12          anxiety.  Treatment records show that headaches are controlled
            with medication.  Therefore, the undersigned finds that the
13          claimant's migraine headaches are not a severe impairment.

14 (CAR 17).

15           Plaintiff argues this determination is erroneous and not supported by substantial

16 evidence.

17           The medical records in this case are minimal, the most detailed of which do show

18 treatment for depression and anxiety.  However, contrary to the ALJ's statement, the record

19 contains numerous medical visits where plaintiff sought treatment for her migraine headaches.

20 The record also indicates that plaintiff was routinely prescribed medication for her migraines, but

21 it would appear that she continued to suffer from headaches despite the medication.  Several of

22 her office visits with Dr. Budhram were for treatment of headaches.  In addition, when she was

23 being seen for her anxiety and/or depression, there was often a notation in the medical report as

24 to plaintiff's on-going headaches.  (See e.g., CAR 210, 223, 288-97).  Even if the medication she

25 was prescribed was helpful in controlling the headaches, the undersigned cannot find that there is

26 substantial evidence to support the ALJ's determination that the medical evidence *clearly*

established that plaintiff's headaches were not a severe impairment, either alone or in combination with her other impairments.  Indeed, the record includes evidence of problems sufficient to pass the de minimis threshold of step two.

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when the ALJ's conclusion is "clearly established by medical evidence."  <u>Webb</u>, 433 F.3d at 687.  Here, the undersigned cannot say that there was substantial evidence to find that the objective medical evidence clearly established that plaintiff's migraine headaches were not a medically severe impairment.  <u>See id.</u> at 688 ("There is not, in this instance, the total absence of objective evidence of severe medical impairment....").  As such, an order remanding this action for further proceedings is recommended.

### B.  Credibility

Plaintiff also argues the ALJ's credibility determinaiton was erroneous, both as to plaintiff's testimony as well as that of her lay witness, Mr. Heninger.  Defendant contends the ALJ's credbility determiantion as to Mr. Heninger  was sufficient, or at least harmless error, but fails to defend the credibility determination as to plaintiff herself.

The Commissioner determines whether a disability applicant is credible, and the court defers to the Commissioner's discretion if the Commissioner used the proper process and provided proper reasons.  <u>See</u> <u>Saelee v. Chater</u>, 94 F.3d 520, 522 (9th Cir. 1996).  An explicit credibility finding must be supported by specific, cogent reasons.  <u>See</u> <u>Rashad v. Sullivan</u>, 903 F.2d 1229, 1231 (9th Cir. 1990).  General findings are insufficient.  <u>See</u> <u>Lester v. Chater</u>, 81 F.3d 821, 834 (9th Cir. 1995).  Rather, the Commissioner must identify what testimony is not credible and what evidence undermines the testimony.  <u>See id.</u>  Moreover, unless there is affirmative evidence in the record of malingering, the Commissioner's reasons for rejecting testimony as not credible must be "clear and convincing."  <u>See id.</u>; <u>see also</u> <u>Carmickle v. Commissioner</u>, 533 F.3d 1155, 1160 (9th Cir. 2008) (citing <u>Lingenfelter v Astrue</u>, 504 F.3d 1028, 1936 (9th Cir. 2007), and <u>Gregor v. Barnhart</u>, 464 F.3d 968, 972 (9th Cir. 2006)).

1    If there is objective medical evidence of an underlying impairment, the

2 Commissioner may not discredit a claimant's testimony as to the severity of symptoms merely

3 because they are unsupported by objective medical evidence.  See Bunnell v. Sullivan, 947 F.2d

4 341, 347-48 (9th Cir. 1991) (en banc).  As the Ninth Circuit explained in Smolen v. Chater:

5
6
7
8

> The claimant need not produce objective medical evidence of the [symptom] itself, or the severity thereof.  Nor must the claimant produce objective medical evidence of the causal relationship between the medically determinable impairment and the symptom.  By requiring that the medical impairment "could reasonably be expected to produce" pain or another symptom, the Cotton test requires only that the causal relationship be a reasonable inference, not a medically proven phenomenon.

9 80 F.3d 1273, 1282 (9th Cir. 1996) (referring to the test established in Cotton v. Bowen, 799

10 F.2d 1403 (9th Cir. 1986)).

11    The Commissioner may, however, consider the nature of the symptoms alleged,

12 including aggravating factors, medication, treatment, and functional restrictions.  See Bunnell,

13 947 F.2d at 345-47.  In weighing credibility, the Commissioner may also consider: (1) the

14 claimant's reputation for truthfulness, prior inconsistent statements, or other inconsistent

15 testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a

16 prescribed course of treatment; (3) the claimant's daily activities; (4) work records; and (5)

17 physician and third-party testimony about the nature, severity, and effect of symptoms.  See

18 Smolen, 80 F.3d at 1284 (citations omitted).  It is also appropriate to consider whether the

19 claimant cooperated during physical examinations or provided conflicting statements concerning

20 drug and/or alcohol use.  See Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002).  If the

21 claimant testifies as to symptoms greater than would normally be produced by a given

22 impairment, the ALJ may disbelieve that testimony provided specific findings are made.  See

23 Carmickle, 533 F.3d at 1161 (citing Swenson v. Sullivan, 876 F.2d 683, 687 (9th Cir. 1989)).

24 / / /

25 / / /

26 / / /

1         Here, the ALJ simply determined that:

2         After careful consideration of the evidence, the undersigned finds
that the claimant's medically determinable impairments could
3         reasonably be expected to cause the alleged symptoms; however,
the claimant's statements concerning the intensity, persistence and
4         limiting effects of these symptoms are not credible to the extent
they are inconsistent with the above residual functional capacity
5         assessment.

6   (CAR 21).

7         The ALJ did not provide any reasons for discrediting plaintiff's testimony, nor did

8   he specify which portions of the testimony were discredited. While there is some discussion as to

9   plaintiff's complaints and symptoms, and perhaps some implied discrediting including a

10   suggestion of malingering in one report, the ALJ fails to articulate specific reasons for

11   discrediting plaintiff.  This analysis, or lack thereof, is insufficient to meet the standard.

12   Therefore, as an additional, alternative finding, the undersigned finds the ALJ's credibility

13   determination to be erroneous, and an alternative grounds for remand.

14                     **IV.  CONCLUSION**

15         Based on the foregoing, the undersigned finds that the ALJ committed reversible

16   error, and will recommend this matter be remanded under sentence four of 42 U.S.C. § 405(g) for

17   further development of the record and/or further findings addressing the deficiencies noted

18   above.

19         As the determination as to plaintiff's severe impairment at step two impacts the

20   rest of the sequential analysis, an error at step two necessarily will require addition proceedings.

21   Alternatively, the credibility analysis is unsupported.  As remand is recommended, the other

22   errors claimed by plaintiff need not be analyzed at this time.

23         Accordingly, the undersigned recommends that:

24         1.     Plaintiff's motion for summary judgment (Doc. 16) be granted;

25         2.     Defendant's cross-motion for summary judgment (Doc. 19) be denied;

26         3.     This matter be remanded for further proceedings consistent with this order;

1  and

2              4.      The Clerk of the Court be directed to enter judgment and close this file.

3              These findings and recommendations are submitted to the United States District

4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

5  after being served with these findings and recommendations, any party may file written

6  objections with the court.  Responses to objections shall be filed within 14 days after service of

7  objections.  Failure to file objections within the specified time may waive the right to appeal.

8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9

10

11    DATED:  September 4, 2014

12                                                     _____

13                                           **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26