1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    KARRIE ANN FRAZIER,                    No.  2:13-CV-0756-GEB-DMC

12                    Plaintiff,

13         v.                                ORDER

14    COMMISSIONER OF SOCIAL
      SECURITY,
15
                      Defendant.
16

17

18              Plaintiff, who is proceeding with retained counsel, brought this action for judicial

19    review of a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g).

20    Final judgment remanding the matter was entered on September 26, 2014.  Pending before the

21    court is plaintiff's motion for an award of $16,457.76 in attorney's fees plus $253.05 in costs

22    under the Equal Access to Justice Act (EAJA) (Doc. 25).

23

24                              **I.  BACKGROUND**

25              Plaintiff initiated this action by way of a complaint filed on April 18, 2013.  The

26    certified administrative record was served on plaintiff and lodged with the court on or about

27    October 22, 2013, consisting of 367 pages.  Thereafter, plaintiff filed a 40-page opening brief on

28    the merits on December 2, 2013.  In her brief, plaintiff argued:  (1) the ALJ failed to properly

                                        1

1    evaluate the severity of her migraine headaches; (2) the ALJ's finding regarding the Listing of

2    Impairments lacks substantial evidence; (3) the ALJ improperly rejected her treating and

3    examining physicians' opinions; (4) the ALJ improperly discredited plaintiff's testimony as well

4    as her lay witness; (5) the ALJ's RFC assessment lacked substantial evidence; (6) the ALJ's

5    determination of plaintiff's past relevant work was erroneous; and (7) the ALJ failed to obtain the

6    testimony from a vocational expert. The court found the ALJ erred with respect to the severity of

7    plaintiff's migraine headaches and evaluation of the credibility of plaintiff's statements and

8    testimony and remanded the matter for further proceedings.

9

10                                          **II. DISCUSSION**

11            Because this court issued a remand pursuant to sentence four of 42 U.S.C.

12   § 405(g), plaintiff is a prevailing party for EAJA purposes. See Flores v. Shalala, 42 F.3d 562

13   (9th Cir. 1995). Under the EAJA, an award of reasonable attorney's fees is appropriate unless the

14   Commissioner's position was "substantially justified" on law and fact with respect to the issue(s)

15   on which the court based its remand. 28 U.S.C. § 2412(d)(1)(A); see Flores, 42 F.3d at

16   569. No presumption arises that the Commissioner's position was not substantially justified

17   simply because the Commissioner did not prevail. See Kali v. Bowen, 854 F.2d 329 (9th Cir.

18   1988). The Commissioner's position is substantially justified if there is a genuine dispute. See

19   Pierce v. Underwood, 487 U.S. 552 (1988). The burden of establishing substantial justification is

20   on the government. See Gutierrez v. Barnhart, 274 F.3d 1255, 1258 (9th Cir. 2001).

21            In determining substantial justification, the court reviews both the underlying

22   governmental action being defended in the litigation and the positions taken by the government

23   in the litigation itself. See Barry v. Bowen, 825 F.2d 1324, 1331 (9th Cir. 1987), disapproved on

24   other grounds, In re Slimick, 928 F.2d 304 (9th Cir. 1990). For the government's position to be

25   considered substantially justified, however, it must establish substantial justification for both the

26   position it took at the agency level as well as the position it took in the district court. See Kali v.

27   Bowen, 854 F.2d 329, 332 (9th Cir. 1998). Where, however, the underlying government action

28   was not substantially justified, it is unnecessary to determine whether the government's litigation

                                                  2

1  position was substantially justified.  See Andrew v. Bowen, 837 F.2d 875, 880 (9th Cir. 1988).

2  "The nature and scope of the ALJ's legal errors are material in determining whether the

3  Commissioner's decision to defend them was substantially justified."  Sampson v. Chater, 103

4  F.3d 918, 922 (9th Cir. 1996) (citing Flores, 49 F.3d at 570).  If there is no reasonable basis in law

5  and fact for the government's position with respect to the issues on which the court based its

6  determination, the government's position is not "substantially justified" and an award of EAJA

7  fees is warranted.  See Flores, 42 F.3d at 569-71.  A strong indication the government's position

8  was not substantially justified is a court's "holding that the agency's decision . . . was

9  unsupported by substantial evidence. . . ."  Meier v. Colvin, 727 F.3d 867, 870 (9th Cir. 2013).

10          Under the EAJA, the court may award "reasonable attorney's fees," which are set

11  at the market rate.  See 28 U.S.C. § 2412(d)(2)(A).  The party seeking an award under the EAJA

12  bears the burden of establishing the fees requested are reasonable.  See Hensley v. Eckerhart, 461

13  U.S. 424, 434 (1983); Atkins v. Apfel, 154 F.3d 988 (9th Cir. 1998); see also 28 U.S.C. §

14  2412(d)(1)(B) ("A party seeking an award of fees and other expenses shall . . . submit to the court

15  an application for fees and other expenses which shows . . . the amount sought, including an

16  itemized statement from any attorney . . . stating the actual time expended").  The court has an

17  independent duty to review the evidence and determine the reasonableness of the fees requested.

18  See Hensley, 461 U.S. at 433, 436-47.  Finally, fees awarded under the EAJA are payable directly

19  to the client, not counsel.  See Astrue v. Ratliff, 130 S.Ct. 2521 (2010).

20          In this case, defendant argues plaintiff is not entitled to fees and costs under the

21  EAJA because the Commissioner's position was substantially justified.  Defendant also argues

22  the amount of fees requested is unreasonable.  Defendant does not challenge plaintiff's counsel's

23  claimed hourly rate, or raise any argument related to claimed costs.

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

1    **A.    Substantial Justification of Commissioners Position**

2        1.    The ALJ's Severity Finding

3        The court concluded the ALJ erred at Step 2 in finding plaintiff's migraine

4    headaches do not constitute a severe impairment.  The court stated:

5            Here, the ALJ found plaintiff's migraine headaches were
        not a severe impairment.  He specifically found:
6

7            Although review of the entire record shows
            intermittent treatment from headaches, most
8            treatment has been for depression and anxiety.
            Treatment records show that headaches are
9            controlled with medication. Therefore, the
            undersigned finds that the claimant's migraine
            headaches are not a severe impairment.
10

11            (CAR 17).

12            Plaintiff argues this determination is erroneous and not
        supported by substantial evidence.
            The medical records in this case are minimal, the most
13        detailed of which do show treatment for depression and anxiety. However,
        contrary to the ALJ's statement, the record contains numerous medical
14        visits where plaintiff sought treatment for her migraine headaches. The
        record also indicates that plaintiff was routinely prescribed medication for
15        her migraines, but it would appear that she continued to suffer from
        headaches despite the medication. Several of her office visits with Dr.
16        Budhram were for treatment of headaches. In addition, when she was
        being seen for her anxiety and/or depression, there was often a notation in
17        the medical report as to plaintiff's on-going headaches. (See e.g., CAR
        210, 223, 288-97). Even if the medication she was prescribed was helpful
18        in controlling the headaches, the undersigned cannot find that there is
        substantial evidence to support the ALJ's determination that the medical
19        evidence *clearly* established that plaintiff's headaches were not a severe
        impairment, either alone or in combination with her other impairments.
20        Indeed, the record includes evidence of problems sufficient to pass the de
        minimus threshold of step two.
21            As noted above, the ALJ's conclusion that the claimant
        lacks a medically severe impairment or combination of impairments is
22        valid only when the ALJ's conclusion is "clearly established by medical
        evidence." Webb, 433 F.3d at 687. Here, the undersigned cannot say that
23        there was substantial evidence to find that the objective medical evidence
        clearly established that plaintiff's migraine headaches were not a
24        medically severe impairment. See id. at 688 ("There is not, in this
        instance, the total absence of objective evidence of severe medical
25        impairment...."). As such, an order remanding this action for further
        proceedings is recommended.
26

27    / / /

28    / / /

4

1    Defendant argues the Commissioner's position was substantially justified:

2            The Court remanded this case in part so that the agency can
3    consider Plaintiff's migraines at step two. The Court noted the evidence of
     migraines in the minimal medical record. D.E. 22, p. 5. The Commissioner
     was substantially justified to defend the ALJ's consideration of Plaintiff's
4    migraines. First, legally, even if there was error with regard to what
     impairments the ALJ found severe at step two, error is harmless if the ALJ
5    considered the impairments later in the sequential analysis. See Lewis v.
     Astrue, 498 F.3d 909, 911 (9th Cir. 2007). Indeed, the ALJ specifically
6    noted evidence of Plaintiff's migraines in the step two analysis as well as
     the subsequent RFC analysis (Tr. 17, 19-26). Even if it was error to find
7    that the migraines were not severe, the Commissioner was substantially
     justified in arguing that error was harmless because the ALJ considered
8    migraines in the RFC determination (Tr. 17, 19-26).

9            Defendant's argument of harmless error – raised for the first time here – is not

10   well-taken.  A review of defendant's brief in opposition to plaintiff's opening brief reflects

11   defendant did not argue the ALJ's error was harmless.  Instead, defendant argued the ALJ did not

12   err at Step 2.  The court is not persuaded now by an argument defendant did not feel had enough

13   merit to raise in response to plaintiff's opening brief.  The court's holding in this case, that the

14   ALJ's Step 2 finding was not supported by substantial evidence to support the "clearly

15   established" standard, indicates the Commissioner's position was not substantially justified.  See

16   Meier, 727 F.3d at 870.

17                   2.      The ALJ's Credibility Analysis

18           In finding the ALJ erred with respect to plaintiff's credibility, the court stated:

19                   Here, the ALJ simply determined that:

20                   After careful consideration of the evidence, the
                     undersigned finds that the claimant's medically
21                   determinable impairments could reasonably be
                     expected to cause the alleged symptoms; however,
22                   the claimant's statements concerning the intensity,
                     persistence and limiting effects of these symptoms
23                   are not credible to the extent they are inconsistent
                     with the above residual functional capacity
24                   assessment.

25                   (CAR 21).

26                   The ALJ did not provide any reasons for discrediting
             plaintiff's testimony, nor did he specify which portions of the testimony
27           were discredited. While there is some discussion as to plaintiff's
             complaints and symptoms, and perhaps some implied discrediting
28           including a suggestion of malingering in one report, the ALJ fails to

                                          5

articulate specific reasons for discrediting plaintiff. This analysis, or lack thereof, is insufficient to meet the standard. Therefore, as an additional, alternative finding, the undersigned finds the ALJ's credibility determination to be erroneous, and an alternative grounds for remand.

According to defendant, the Commissioner's position was substantially justified "given the not-entirely-clear parameters" of the law. Defendant contends:

> In 1988, the Ninth Circuit stated that the "parameters" of the requirement of "specific findings" for an ALJ's credibility ruling "are not entirely clear." Varney v. Sec'y of HHS, 846 F.2d 581, 584 (9th Cir. 1988) (Varney I). Not much clarification has emerged since then. As applied to the present case, the ALJ's adverse credibility determination, and Defendant's decision to defend it, were reasonable given the not-entirely-clear parameters of the "specific findings" requirement. See id.
>
> Here, Plaintiff's own doctor noted she was only a mediocre historian (Tr. 242). Furthermore, the ALJ notes several inconsistent statement made to the agency, including where Plaintiff at times said she had no friends, but other times states she talks on the phone and visits with friends (Tr. 20-21, 49, 160-167). The Ninth Circuit has clearly held that inconsistent statements like this may be considered in finding a person not credible. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (inconsistencies in testimony and inconsistencies between testimony and conduct may be considered in weighing a claimant's credibility).
>
> Furthermore, the ALJ also specifically considered the testimony of the third party witness. When rejecting a lay witness' testimony, an ALJ need only provide germane reasons. See Greger v. Barnhart, 464 F.3d 968, 972 (9th Cir. 2006). Any failure of the ALJ's to expressly reject lay witness statements is subject to harmless error. Molina v. Astrue, 674 F.3d 1104, 1117 (9th Cir. 2012). The ALJ's discussion of lay witness statements shows numerous inconsistencies with Plaintiff's own admissions, which the ALJ summarized in the same paragraph, where Plaintiff admitted to being able to walk a few miles when she doesn't have a headache and walking her children to school daily (Tr. 20, 160-169, 170-177). Given these inconsistencies, the ALJ appropriately gave germane reasons for not accepting lay witness statements and specific reason for not accepting the testimony of Plaintiff (Tr. 20).
>
> In sum, the ALJ's adverse credibility determination, and Defendant's decision to defend the numerous arguments raised by Plaintiff had reasonable bases in law and fact. See Hardisty, 592 F.3d at 1079-80 (upholding a denial of EAJA fees where the court had remanded on the basis of a legal error in the ALJ's credibility ruling, but "all of the inferences upon which [the credibility finding] rested had substance in the record"). Even though the Court remanded, the "position of the United States" was "substantially justified" within the meaning of the EAJA because there was both evidentiary and legal support for the ALJ's analyses. See 28 U.S.C. § 2412(d)(1)(A). Therefore, Plaintiff is not entitled to attorney fees. See id.; Pierce, 487 U.S. at 556 n.2; Le, 529 F.3d at 1201.

///

///

1      Defendant's argument is unpersuasive.  The issue in this case was not whether the

2 ALJ provided sufficient reasons consistent with the applicable legal standard, amorphous as it

3 may be.  Rather, the ALJ erred in not providing any reasons.  Because the ALJ's adverse

4 credibility finding was not supported by substantial evidence, the Commissioner's position was

5 not substantially justified.  See Meier, 727 F.3d at 870.

6      **B.**     **Reasonableness of Requested Fees**

7      Defendant argues the court should find the amount of fees requested is

8 unreasonable should it conclude the Commissioner's position was not substantially justified.

9 According to defendant:

10
11
12
13
> In this case the fees requested are unreasonable. This case did not present issues of significant novelty or difficulty. This case involved less than 150 pages of medical records (Tr. 209-355). The medical evidence, as the magistrate noted, "are minimal, the most detailed of which do show treatment for depression and anxiety." D.E. 22, p. 5. The issues in this case were routine as evidence[d] by Plaintiff's attorney billing only 2 ½ hours to research. D.E. 27-2, p. 4.

14
15
> Despite the relatively routine nature of this case, Plaintiff's counsel spent 75.6 hours of briefing alone, almost 2 full weeks of work. D.E. 27-2, p. 3. No supplemental briefing, appeal work, or work following a remand was done in this case.

16
17
18
> Perhaps most egregious, the billing sheet shows how case and time management was inefficient. Plaintiff's counsel spent 18 separate days of work on the MSJ, often in piecemeal fashion of only 1 to 3 hours of work in a single day. D.E. 27-2, p. 3. A further 7 separate days of work was spent on the reply. D.E. 27-2, p. 3. Thus, 25 separate days of work were billed to draft just two documents. D.E. 27-2, p. 3.

19
20
21
22
> Beyond noting that each of these 25 days Plaintiff's counsel worked on the MSJ or reply for one or more hours, the billing sheet is unclear on what actual work happened on each of these individual 25 days. D.E. 27-2, p. 3. Work in this protracted and piecemeal fashion was inefficient and unreasonable. Therefore, Defendant believes a reduction of at least 55 hours is necessary in fees Plaintiff spent in briefing this case, as well as a reduction of 3 hours in preparing the EAJA motion, as this motion practice would likely be unnecessary if Plaintiff's billing practices were reasonable.

23
24
25
> Even with this reduction of hours, Plaintiff would still receive 30 hours of total fees, an amount that still includes 20.6 hours for drafting the merits and reply briefs, and the additional 2.5 hours requested for research. In addition to the clear inefficiencies above, Defendant believes this reduction is also supported by other factors.

26
27
28
> For example, Plaintiff's briefing is also overly long and bloated, and often appears to be boilerplate. D.E. 16, 20. Instead of reviewing the record and determining the most relevant issues, Plaintiff presented 10 issues for consideration, often with little citation to the record. D.E. 16. Plaintiff's motion for summary judgment was 40 pages, with a 22 page reply brief. D.E. 16, 20. In contrast, Defendants brief was 15 pages, most

of which was devoted to quickly disposing of the 10 issues brought by Plaintiff. D.E. 19. Plaintiff declined magistrate jurisdiction, but the Findings and Recommendation, which the Court adopted, was less than 10 pages. D.E. 22.

The court rejects defendant's argument that the subject fees are unreasonable because time was expended over the course of any period of days. It is not for this court to gainsay counsel's workload and time management. Nonetheless, exercising its discretion, the court finds the fees claimed are unreasonable. Plaintiff claims over 80 hours of attorney time for this appeal. Though plaintiff filed a lengthy opening brief discussing numerous issues, plaintiff's counsel required relatively little time to review the ALJ's hearing decision and the record in this case, which consisted of only 367 pages. Moreover, of the arguments raised, the court found only two to be supported by the law and record. This case did not present the complexity of evidence and issues as would be expected to support a claim for over 80 hours of attorney time, particularly given the expertise of plaintiff's counsel. A reduction in the amount of fees requested by 20% is appropriate in this case.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.      Plaintiff's motion for an award of fees and costs under the EAJA (Doc. 25) is granted, in part; and

2.      Plaintiff is awarded $13,166.21 in fees and $253.05 in costs, payable to plaintiff within 65 days of the date of this order.


Dated:  March 6, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE